Andrew E. BUDNIK, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1289.

United States Court of Veterans Appeals.

Submitted June 26, 1992.

Decided Sept. 4, 1992.

Max P. Flusche, Jr., was on the brief, for appellant.

James A. Endicott, Jr., General Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. General Counsel, and John D. McNamee were on the pleadings, for appellee.

Before FARLEY, HOLDAWAY and IVERS, Associate Judges.

FARLEY, Associate Judge, filed the opinion of the Court, in which IVERS, Associate Judge, joined. HOLDAWAY, Associate Judge, concurring, filed a separate opinion.

FARLEY, Associate Judge:

In its decision of July 16, 1990, the Board of Veterans' Appeals (Board or BVA) denied entitlement to service connection for bossing of the bone of appellant's left forehead. A timely appeal to this Court followed. On December 5, 1991, appellant, through counsel, filed a brief. On March 4, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. On April 13, 1992, the Court received appellant's opposition to this motion. This matter will be remanded to the Board for further proceedings consistent with this opinion.

## I.

Appellant, Andrew E. Budnik, served in the Navy from February 1944 to February 1946. R. at 46. Appellant asserts that while stationed aboard the USS New Jersey, he was injured during an enemy bombardment, receiving a blow to the left forehead. R. at 68. Appellant contends that this blow caused the present bossing of the bone over his left eyebrow. He claims that the present bossing of the bone became manifest about six months after discharge. R. at 69. In a decision dated February 8, 1972, the BVA denied appellant's claim, finding that the bossing of the bone was not present during service, and was first documented in 1966. R. at 46–47.

In 1989, appellant submitted six letters from fellow servicemen as new and material evidence to reopen his claim. R. at 49–56. All six state that appellant did not have a protrusion on his left forehead upon induction or during service. In one, a serviceman states that while he did not remember the particular bombing or appellant's injury, he did recall appellant telling him about receiving a blow to the head. R. at 50. Another states: "I did not witness the accident, but it was obvious that [appel-

lant] was hurt during the bombing." R. at 54. Appellant also presented a letter from Dr. Harold D. Stephens, who wrote that he first met appellant in 1946, that he "worked closely with him every day and was aware of a slightly enlarged bony prominence over his left eyebrow then that caused him to seek medical care from a local physician, Dr. Joe May, and be referred to the [Department of Veterans Affairs] VA Clinic in San Antonio. [Appellant] related his problem to an injury in the Navy the year before." R. at 81. Dr. Stephens expressed his opinion that it "is perfectly reasonable for the bossing of the bone to have occurred because of his injury in 1945 and to have progressed to this state since then." Id.

In its decision of July 16, 1990, the BVA stated that while this evidence is new, "it is not sufficient to establish a new factual basis for service connection...." *Andrew E. Budnik*, BVA ____, at 4 (July 16, 1990). In its findings of fact, the BVA noted the 1972 decision, and found that the evidence submitted subsequently "does not alter the material facts relied upon in the prior Board decision." Id.

## II.

Under 38 U.S.C. § 7104(b) (1991) (formerly § 4004(b)), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C. § 5108 (1991) (formerly § 3008) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1 Vet.App. 251, 252–253 (1991). In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence. First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced

new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews de novo. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is "not ... merely cumulative of other evidence on the record" and "is relevant and probative of the issue at hand." *Id.* Pursuant to 38 C.F.R. § 3.156(a) (1991),

> *New and material evidence* means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.

Here, Dr. Stephens was in a unique position since he was both a personal observer of appellant's condition immediately subsequent to separation from service in 1946 and a medical doctor who observed appellant forty-three years later in 1989. Unlike the situation in *Tirpak v. Derwinski,* 2 Vet.App. 609, 610–11 (1992), where the proffered evidence was speculative ("may or may not have survived"), Dr. Stephens' statement, as both a percipient witness and a medical doctor, that it "is perfectly reasonable" for appellant's disability to have been caused by his in-service injury was of such significance "that it must be considered in order to fairly decide the merits of the claim." 38 C.F.R. § 3.156(a) (1991). The Court holds that this evidence is indeed new and material. Since the BVA decision indicates that only the new evidence was considered, a remand is required for an adjudication "in light of *all* the evidence, both new and old." *Manio, supra.*

Moreover, in *Caldwell v. Derwinski,* 1 Vet.App. 466, 470 (1991) the Court stated that "the BVA cannot substitute its own unsubstantiated medical conclusions for that of the medical evidence of record. [*Colvin,* 1 Vet.App. at 175]; *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (The BVA must provide reasons or bases for its medical conclusions)." Here, the Board provided no reasons or bases for rejecting the medical opinion of Dr. Stephens or for concluding that the bossing was not the result of a blow to the head in 1945. A remand will allow the Secretary to review and correct these deficiencies. "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski,* 1 Vet. App. 394, 397 (1991).

■ Finally, appellant, in his brief, claims that the VA and BVA violated their duty to assist him in developing facts pertinent to his claim, pursuant to 38 U.S.C. § 5107(a) (1991) (formerly § 3007(a)). Specifically, he claims that the VA made no effort to obtain alleged VA medical documentation of his treatment at a VA medical facility in San Antonio and at other unspecified VA facilities. Brief of Appellant, at 6–7. Yet, the record reveals that the San Antonio facility reported that it possessed no records of treatment. R. at 82, Appellee's Motion for Summary Affirmance, at 2. The Court therefore holds that there was no violation of the statutory duty to assist.

### III.

On consideration of the foregoing, the Court holds that the BVA decision, dated July 16, 1990, is VACATED and this matter is REMANDED pursuant to 38 U.S.C. § 7252(a) (1991) (formerly § 4052(a)) for a determination as to service connection for appellant's bossing of the bone and, if service connection is found, award of an appropriate rating.

*It is so Ordered.*

HOLDAWAY, Associate Judge, concurring:

Dr. Stephens' statement that it was "reasonable" that appellant's putative disability

was caused by his in-service injury is, at the best, only marginally less equivocal than the "may or may not" language in *Tirpak.* Implicit in Stephens' statement is that it was equally "reasonable" that there was some other cause. But for the fact that Stephens reported having seen the injury some 40 years earlier (apparently before becoming a physician), I could not agree that the new statement was "significant" and that there would be, therefore, a reasonable possibility that the result could have changed, even assuming the credibility of the statement and according it full weight. The medical "opinion," such as it is, is simply too equivocal. *See Colvin v. Derwinski,* 1 Vet.App. 171 (1991).

This leads me to comment on a snare that the Board may have fallen into in this case and in which, perhaps, other BVA panels and this Court itself may from time to time fall. I refer to confusing the *ultimate* credibility or the weight to be accorded evidence, both questions of fact, with the issue of whether the evidence is new and material, a question of law. In determining the latter, the credibility of the evidence must be presumed and it must be accorded full weight. This presumption is made *only for the purpose of determining whether the case should be reopened.* Once the evidence is found to be new and material and the case reopened, the presumption that it is credible and entitled to full weight no longer applies. In the adjudication following the reopening the Board must determine, as a question of fact, both the weight and the credibility of the new evidence in the context of all the evidence, new and old. Thus, in this case even though there were, on the surface at least, reasons for not crediting Dr. Stephens' statement or in according it little weight, the Board, applying the presumption noted above should have at least found it new and material and reopened the case. Then in the adjudication of the reopened case they could have properly determined, inter alia, the worth, that is the weight and credibility, of the new evidence. This two-step process is, admittedly, somewhat artificial but as this Court has pointed out it is the process contemplated by the statute.

*See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991).