﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190625-10396
DATE: January 31, 2020

ORDER

Entitlement to service connection for a right ankle disability, to include as secondary to service-connected disability, is granted.

Entitlement to service connection for a left ankle disability, to include as secondary to service-connected disability, also is granted.

FINDING OF FACT

It is just as likely as not the Veteran’s right and left ankle disabilities are proximately due to, the result of, or aggravated by his service-connected disabilities – especially by his bilateral pes planus and bilateral shin splints.

CONCLUSION OF LAW

Resolving all reasonable doubt in his favor, the criteria are met for entitlement to service connection for his right and left ankle disabilities since secondary to his service-connected disabilities. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

In November 2017, the Agency of Original Jurisdiction (AOJ) reopened these claims of entitlement to service connection for bilateral ankle disabilities but then continued to deny these claims on their underlying merits. On April 30, 2018, the Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the April 2019 AMA rating decision considered the evidence of record as of the date VA received his RAMP election form. He appealed that rating decision to the Board and requested “direct review” of the evidence the AOJ had considered.

Under the AMA, favorable AOJ findings are binding on the Board, absent clear and unmistakable error. In its April 2019 decision, the AOJ made a favorable finding that new and material evidence had been submitted to reopen these claims (which the Board will equate to new and relevant evidence since, instead, the correct standard under the AMA for reopening claims). 

Service Connection

In general, establishing service connection requires medical evidence or, in certain circumstances, lay evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a nexus between the disease or injury in service and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Under 38 C.F.R. § 3.310(a) and (b), service connection may be granted on a secondary basis for disability that is proximately due to, the result of, or aggravated by a service-connected disability. See also Allen v. Brown, 7 Vet. App. 439, 448 (1995). 

The Veteran already has established entitlement to service connection for bilateral shin splints and bilateral pes planus (sometimes he has referred to these disabilities as a bone condition, osteomyelitis, and flat feet). He alleges his ankle disabilities also are service connected, including secondary to these already service-connected disabilities.

The Veteran has been diagnosed with degenerative joint disease (i.e., arthritis) of the ankles, posterior tibial tendon dysfunction, tendonitis, and right ankle Achilles contracture.

December 2004 correspondence from Colorado Springs Health Partners reflects that the Veteran reported that, ever since he was in the military, he has had problems with his feet. It was noted that he “points to the medial ankle as most symptomatic but also to the dorsal lateral aspect of the foot at the sinus tarsi region.”

March 2008 correspondence from Dr. Adler reflects that the Veteran reported a history of ankle pain and instability. The correspondence reflects that the Veteran reported a high level of activity associated with running and jumping during his time in the military. His DD Form 214 reflects that he was an infantryman and that he had nine years of service; thus, it can reasonably be presumed that he a high level of physical activity. Dr. Adler stated that, in the absence of a history of trauma or overuse other than the Veteran’s reported military service, it would appear that his ankle disabilities are related to his service. 

A 2017 private opinion from Dr. B. Dresher indicates, in pertinent part, that it is 100 percent more likely than not that the Veteran’s physical trauma suffered during service contributed and aggravated his posterior tibial stress syndrome (PTSS) because one cannot alleviate the pain without alleviating the severe posterior tibial tendon (PTT) dysfunction, which is the major cause contributor of the constant pain in his shins. According to Dr. Dresher, it is “100 percent more likely than not that [the Veteran’s PTT] dysfunction is service connected as they both coincide with each other.” 

 

An April 2017 opinion from Dr. J. Adler indicates the Veteran’s overuse in service more likely than not contributed to and aggravated his PTT dysfunction, medial tibial stress syndrome, bilateral ankle pain, tendonitis, and arthritis of the hinge joint of the ankles. (See also December 2016 statement by Dr. Adler).

A May 2017 VA examination report from R. Stewart contains the following opinion:

The veteran's right ankle condition of Achilles contracture, S/P surgery, is due to his flat feet that developed/worsened post-military because of his extreme weight. No medical literature is found by this examiner that shin splints cause Achilles contracture. Shin splints are a condition of overuse and this veteran has had no "overuse" of the shins, ankles or feet since 2005 when he became sedentary at work and at home. Morbid obesity has been shown to have a dramatic effect on joint degeneration and general joint health, especially of the lower extremities and both his flat feet and his ankles have been affected. His weight today is 339 pounds for a morbidly obese BMI [body mass index] of 46. It is less likely than not that his SC shin splints have caused his right ankle Achilles tendon contracture S/P surgical correction, with strain. It is much more likely due to his extreme weight and multiple physicians have encouraged him to lose weight for his health's and joint’s sake.

 

In essence, while that May 2017 VA examiner ultimately found that the Veteran’s obesity more likely than not caused his right ankle disability, she also acknowledged that his flat feet were a factor, thereby also implicating his service-connected pes planus, even if implicitly.

An October 2017 VA examination report indicates it is less likely than not that the Veteran has an ankle disability aggravated by his shin splints. The examiner noted, in pertinent part, as follows: 

It is known in medical literature that a symptomatic joint after many years may begin to affect joints ABOVE it, not below it. Dr. Gates [the Veteran’s infectious disease treatment provider] clearly implicated the veteran's weight as causative for the veteran's lower extremity joint conditions as well as the bacterial microorganisms. At a September 2017 Musculoskeletal and Rheumatology conference attended by this examiner, there was great emphasis on aging, the initial joint injury and excess weight as the primary causes of a joint morbidity. In this veteran his morbid obesity, with BMI > 45, stands out as the primary reason that his feet and ankles are degenerating. Morbid obesity causes rapid degeneration of all weight-bearing joints. 

That October 2017 commenting VA clinician acknowledged that a symptomatic joint can affect those above it. The Veteran is in receipt of service connection for disabilities of his feet and shins, thus, for the body parts above and below the part (i.e., his ankles) at issue. While his obesity is the primary reason for his ankle degeneration, the examiner did not rule out the Veteran’s service-connected pes planus as a contributing or aggravating factor.

 

An April 2018 opinion from Dr. M. Cerda explains, in pertinent part, that PTT is a common condition that is recognized as the major cause of acquired pes planus for which the Veteran is in receipt of service connection. In other words, Dr. Cerda indicated the Veteran’s PTT was the precursor to his service-connected pes planus. He pointed out that the posterior tibialis allows for active motion of the ankle as well as helps maintain the foot arches, and that the most agreed upon pathophysiological process is that it is likely a progressive soft tissue disease that leads to altered foot biomechanics. 

Also in the file in support of the claims are articles on acquired flatfoot deformity and PTT dysfunction. One of the articles, quoted by Dr. Certa, notes that progressively flat foot with medial ankle pain is likely to be diagnosed as PTT dysfunction (PTTD) or an adult acquired flatfoot deformity, and, although the terms may be used interchangeably, they suggest possible dysfunction of different structures. Another article notes that, in a study, PTT changed the load transfer mechanism and strain of the midfoot plantar ligaments. Dr. Certa surmised that, “applying the pathophysiology of pes planus the veteran most likely incurred his foot and ankle problems during active service.” 

The probative value of a medical opinion is based on the medical expert’s personal examination of the patient, the physician’s knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches. As is true with any piece of evidence, the credibility and weight to be attached to these opinions are within the province of the adjudicator. Guarneri v. Brown, 4 Vet. App. 467, 470-71 (1993). There is no requirement that additional evidentiary weight be given to the opinion of a medical provider who treats a veteran; courts have repeatedly declined to adopt a “treating physician rule.” See White v. Principe, 243 F.3d 1378, 1381 (Fed. Cir. 2001); Van Slack v. Brown, 5 Vet. App. 499, 502 (1993). 

In deciding this appeal, the Board has considered the clinical opinions for versus against the claims, as well as the other evidence of record, including the Veteran’s lay pleadings. He is in receipt of service connection for both his shins and his feet. In addition, his right foot required surgery due to his pes planus and an ensuing infection. Thus, it stands to reason he has difficulty, at times, with walking and has an altered gait. 

The clinical opinions addressing the origins of his right and left ankle disabilities indicate his ankle disabilities likely preceded his service-connected pes planus or that his pes planus likely contributed to his ankle disabilities. Regardless, there is sufficient evidence to find that his ankle and feet disabilities are related, if not by causation then by aggravation. Consequently, the Board is resolving all reasonable doubt concerning this in his favor and granting service connection for his bilateral (right and left) ankle disability. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Wishard

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.