Citation Nr: 1045627 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 06-33 001 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, 
California


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse


ATTORNEY FOR THE BOARD

Michael Holincheck, Counsel


INTRODUCTION

The Veteran served on active duty from June 1958 to June 19060. 
He had additional service in the U. S. Army Reserve from June 
1960 to June 1962.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a March 2005 rating decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in San Diego, 
California.

The issue of entitlement to service connection for tinnitus has 
been raised by the record. This is because of the Board's 
decision in the current appeal and opinions provided by examiners 
in March 2008 and May 2010. The issue has not been adjudicated 
by the Agency of Original Jurisdiction (AOJ). Therefore, the 
Board does not have jurisdiction over the issue and it is 
referred to the AOJ for appropriate action. 

Please note this appeal has been advanced on the Board's docket 
pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. 
§ 7107(a)(2) (West 2002).


FINDING OF FACT

The Veteran currently suffers from a bilateral hearing loss 
disability and there is a reasonable basis to attribute such 
disability to his active military service.


CONCLUSION OF LAW

The Veteran has a bilateral hearing loss disability that was 
incurred in active service. 38 U.S.C.A. §§ 1131, 5107 (West 
2002); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 
3.385 (2010).



REASONS AND BASES FOR FINDING AND CONCLUSION

The law provides that service connection may be granted for 
disability resulting from disease or injury incurred in or 
aggravated by service. 38 U.S.C.A. § 1131 (West 2002); 38 C.F.R. 
§§ 3.303, 3.304 (2010). In addition, certain chronic diseases, 
including hearing loss, may be presumed to have been incurred 
during service if the disorder becomes manifest to a compensable 
degree within one year of separation from active duty. 38 
U.S.C.A. §§ 1101, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.307, 
3.309 (2010). Service connection may be granted for any disease 
diagnosed after discharge when all the evidence, including that 
pertinent to service, establishes that the disease was incurred 
in service. 38 C.F.R. § 3.303(d).

Generally, service connection requires (1) medical evidence of a 
current disability, (2) medical evidence, or in certain 
circumstances lay testimony, of in-service incurrence or 
aggravation of an injury or disease, and (3) medical evidence of 
a nexus between the current disability and the in-service disease 
or injury. Hickson v. West, 12 Vet. App. 247, 253 (1999).

For purposes of a hearing loss claim, impaired hearing will be 
considered a disability for VA purposes when the auditory 
threshold in any of the frequencies 500, 1,000, 2,000, 3,000, 
4,000 Hertz is 40 decibels or greater, or when the auditory 
thresholds for at least three of the frequencies 500, 1,000, 
2,000, 3,000, or 4,000 Hertz are 26 decibels or greater, or when 
speech recognition scores using the Maryland CNC Test are less 
than 94 percent. See 38 C.F.R. § 3.385 (2010); see also Meedel 
v. Shinseki, 23 Vet. App. 277, 283 (2009). 

The Veteran served on active duty in the U. S. Army from June 
1958 to June 1960 and in the U.S. Army Reserve from June 1960 to 
June 1962. The Veteran's service treatment records (STRs) are 
negative for evidence of a hearing loss in service. His April 
1960 separation physical examination did not include audiometric 
testing. The Veteran's hearing was tested by the whispered and 
spoken voice tests. His scores were 15/15. 

The Veteran's limited personnel records reflect that his military 
occupational specialty (MOS) was as a clerk. He was assigned to 
an ordnance depot in Korea from November 1958 to January 1960. 
He was then assigned as a supply handler at an artillery battery 
at Ellsworth Air Force Base (AFB), South Dakota, from January 
1960 until his separation in June 1960. The Veteran provided 
evidence that this was a missile unit.

The Veteran submitted his initial claim for service connection 
for hearing loss in May 1999. Private treatment records for the 
period from 1964 to 1997 contained no evidence of complaints or 
treatment for hearing loss. 

The first objective post-service evidence of hearing loss was 
provided by VA treatment records for the period from January 2005 
to November 2005. The Veteran was seen in the audiology clinic 
on an outpatient basis. He complained of a longstanding hearing 
problem. He reported noise exposure from heavy equipment while 
in service. He also reported constant tinnitus in both ears. 
His hearing tests revealed a hearing loss although the examiners 
felt that the results were not reliable based on the Veteran's 
responses during testing. The Veteran was issued hearing aids.

The Veteran submitted statements from his two children in support 
of his claim in January 2007. The Board notes that both children 
were born after the Veteran's military service and have no first 
hand awareness of his hearing immediately after service. The 
children both said they remembered the Veteran as always having 
problems with his hearing and that he related his problem to his 
time in service. 

The Veteran and his spouse testified at a hearing at the RO in 
February 2007. The Veteran described how he believed being 
exposed to the extreme cold during his service in Korea affected 
his hearing. He also provided testimony about his duties being 
near, but not on, the flight line at Ellsworth AFB and that he 
was constantly exposed to loud noises at that time. His spouse 
testified that she first met the Veteran in 1963 and that she 
noticed that he had problems with his hearing back then. The 
Veteran also testified that he did not have noise exposure after 
service. He worked for the Postal Service for over 30 years. He 
said he worked as a mail handler and was around sorting machines 
that made some noise. They were like conveyor belts and made 
more of a steady versus loud noise. 

The Veteran was afforded a VA contract audiology examination in 
March 2008. The examiner noted that the Veteran reported service 
in Korea, to include the Korean War and that he participated in 
combat activity. The examiner noted that the Veteran said he was 
exposed to extreme cold and loud noises in service. The examiner 
also noted that the Veteran reported bilateral tinnitus for 50 
years. The Veteran said he worked for the Postal Service for 32 
years after service and used hearing protection. There is no 
indication that the examiner reviewed the claims folder, to 
include the STRs. The examiner did review the results of two VA 
outpatient audiograms from 2005, noted above. Air conduction 
testing revealed the following decibel losses at the tested 
frequencies:




HERTZ



500
1000
2000
3000
4000
RIGHT
70
80
85
95
100
LEFT
70
80
90
90
95

Bone conduction testing had the following results:





HERTZ



500
1000
2000
3000
4000
RIGHT
65
70
70
70
70
LEFT
65
70
70
70
70

The Veteran had a speech recognition score of 40 percent for the 
right ear and 36 percent for the left ear. The examiner said the 
results showed a continued diagnosis of bilateral hearing loss. 
The examiner also said that the etiology of the bilateral 
tinnitus was at least as likely as not a symptom associated with 
hearing loss. Finally, the examiner said that, due to the poor 
reliability of the testing, no opinion could be rendered 
regarding whether the hearing loss was related to service. 

The examiner provided an addendum to his report in June 2008. He 
said that the Veteran was not providing true, accurate hearing 
threshold levels. The examiner recommended re-testing preferably 
using a non-behavioral testing method such as threshold auditory 
brain (evoked) responses (ABR). The examiner added that he 
suspected malingering. 

The Board remanded the Veteran's claim for another examination in 
November 2009.

The Veteran was afforded a VA audiology examination in May 2010. 
The examiner noted she had reviewed the claims folder. The 
examiner related the Veteran's military service as 13.5 months in 
Korea, with no noise claimed from these duties, and 6 months at 
Ellsworth AFB. The Veteran reported his duties as next to the 
airstrip and that he was exposed to noise from aircraft landing 
and taking off. No ear protection was worn. The Veteran 
reported employment with the Postal Service for 34 years with no 
loud noise exposure. He also reported having tinnitus ever since 
service.

Audiometric testing showed the following puretone thresholds:




HERTZ



500
1000
2000
3000
4000
RIGHT
50
55
55
45
50
LEFT
40
50
50
45
45

The Veteran had speech recognition scores of 88 percent in the 
right ear and 92 percent in the left ear. The examiner stated 
that she believed the Veteran's test results were 
consistent/replicable.

In regard to etiology of the hearing loss, the examiner noted the 
15/15 test in service. She also noted the Veteran's reported 
noise exposure from his military duties. She said the type of 
hearing loss present was consistent with hearing loss due to 
noise exposure and/or aging. She also said the hearing loss 
pattern was also consistent with the subjective complaint of 
tinnitus and tinnitus was at least as likely as not likely due to 
the same causative factors as the Veteran's hearing loss. The 
examiner concluded that, without evidence of hearing loss while 
in the service or within one year of separation from the 
military, it was not possible to opine as to the causative nature 
of the hearing loss without resorting to mere speculation. 

The Veteran's claim remained denied and he was issued a 
supplemental statement of the case (SSOC) in July 2010. He was 
advised that he had 30 days to submit additional argument and/or 
evidence in support of his claim.

The Veteran submitted statements from himself and his spouse in 
August 2010. The statements were cumulative of others already of 
record. The Veteran re-stated his belief as to how his hearing 
loss began in service. His spouse related her observations of 
the Veteran's hearing loss from when they met and over the years. 

The medical evidence of record includes two examinations that 
clearly demonstrate a hearing loss that meets the requirements 
under 38 C.F.R. § 3.385. The Board notes that the examiner from 
March 2008 felts his test results were not reliable based on the 
Veteran's participation. However, the May 2010 VA examiner 
believed her results to be consistent. The latter test results 
were dramatically improved over the prior test results.

Because of the unreliable nature of the results, the March 2008 
examiner did not provide an opinion as to etiology. Although, it 
is noteworthy that he did not rule out the Veteran's military 
service as a possible etiology for the hearing loss. The May 
2010 examiner listed two causes for the Veteran's hearing loss - 
noise exposure and aging. The only noise exposure she listed was 
that claimed by the Veteran in service. The examiner felt she 
could not provide an opinion as to a nexus to service unless 
there was evidence of hearing loss in service or within one year 
after service without resorting to speculation. She did not 
provide an opinion that said the hearing loss could not be 
related to service.

The Court has issued several opinions that are helpful in 
evaluating the Veteran's claim. In Ledford v. Derwinski, 3 Vet. 
App. 87, 89 (1992), the Court found that the absence of a 
documented hearing loss while in service is not fatal to a claim 
for service connection. Further, in Hensley v. Brown, 5 Vet. 
App. 155, 159-160 (1993), the Court noted that, when a veteran 
does not meet the regulatory requirements for a disability at 
separation, he can still establish service connection by 
submitting evidence that a current disability is causally related 
to service. Finally, in a case similar to that on appeal here, 
Peters v. Brown, 6 Vet. App. 540, 543 (1994), the Court said that 
a veteran may establish service connection for a disability not 
manifested during service, or within the statutory presumptive 
period, with evidence that demonstrates that the disability 
actually resulted from a disease or injury incurred in service.

The Veteran has provided credible evidence of noise exposure 
related to his assignment at Ellsworth AFB and his military 
specialty. See 38 U.S.C.A. § 1154(a) (West 2002). The Board 
finds that the Veteran did not participate in combat as his 
service in Korea was approximately five years after the cease-
fire and there is no indication of any type of combat-related 
activities in the record. See 38 U.S.C.A. § 1154(b) (West 2002). 
His spouse has provided competent lay evidence of her 
observations of his hearing loss symptoms within a short time 
after his separation from service. His two children have 
provided competent evidence of their observations of the 
Veteran's hearing loss symptoms over a number of years. The 
second VA examiner essentially placed the issue of causation in 
equipoise with her opinion. In resolving all reasonable doubt in 
favor of the Veteran, the Board finds that service connection for 
bilateral hearing loss is in order and the claim is granted.


ORDER

Entitlement to service connection for bilateral hearing loss is 
granted.



____________________________________________
M. W. GREENSTREET
Veterans Law Judge, Board of Veterans' Appeals


 Department of Veterans Affairs