Citation Nr: 1237370 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 09-02 371 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to service connection for left ear hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

E. Joyner, Counsel


INTRODUCTION

The Veteran served on active duty from April 1968 to May 1969. He received the Purple Heart Medal. This case comes before the Board of Veterans' Appeals (Board) on appeal of a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. 


FINDING OF FACT

The medical evidence of record does not show a current left ear hearing disability for VA purposes.


CONCLUSION OF LAW

Left ear hearing loss was not incurred in, or aggravated by, active military service. 38 U.S.C.A. §§ 1110 , 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.385 ( 2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) ( 2012).

Proper notice from VA must inform the claimant of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. Quartuccio v. Principi, 16 Vet. App. 183 (2002). This notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The RO's July 2007 letter advised the Veteran of the foregoing elements of the notice requirements. See Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); see also Bernard v. Brown, 4 Vet. App. 384, 394 (1993). With respect to the Dingess requirements, the RO's July 2007 letter provided the Veteran with notice of what type of information and evidence was needed to establish disability ratings, as well as notice of the type of evidence necessary to establish an effective date. Accordingly, with this letter, the RO effectively satisfied the remaining notice requirements with respect to the issue on appeal. Further, the purpose behind the notice requirement has been satisfied because the Veteran has been afforded a meaningful opportunity to participate effectively in the processing of his claim, including the opportunity to present pertinent evidence.

In addition, the duty to assist the Veteran has also been satisfied in this case. The Veteran's service treatment records, VA medical records, private treatment records, and a VA examination report are in the claims file and were reviewed by both the RO and the Board in connection with the Veteran's claim. With respect to the VA examination, the Board notes that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). As discussed below, the Board finds that the June 2012 VA examination report obtained in this case is adequate, as it is predicated on a thorough examination of the Veteran, to include discussion of his symptoms and complaints, and it contains valid hearing test results and the examiner considered all of the pertinent evidence of record. The June 2012 VA examiner also included an assessment of the functional impact of the Veteran's hearing loss on his occupational and daily living activities. See Martinak v. Nicholson, 21 Vet. App. 447, 455-56 (2007) (holding that the VA examiner must describe the functional effects of a hearing disability in the examination report). In any event, the Veteran has neither advanced an argument that the audiological examination was deficient in any respect, nor that he was prejudiced thereby. 
Therefore, there is adequate medical evidence of record to make a determination in this case. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion with respect to the issue on appeal has been met. 38 C.F.R. § 3.159(c)(4).

A remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). In this regard, the Board is satisfied as to compliance with the instructions from its May 2012 remand. Specifically, the May 2012 Board remand instructed the RO to contact the Veteran and request that he identify the names, addresses, and approximate dates of treatment for all VA and non-VA health care providers who have treated or examined him for hearing loss. A letter requesting this information was sent to the Veteran in May 2012, and no response was received. In addition, the RO also was to provide the Veteran with a VA examination to determine the extent of any left ear hearing loss found. The Board finds that the RO has complied with the Board's instructions and that the June 2012 report substantially complies with the Board's July 2005 remand directives. Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). 

As discussed above, the Veteran was notified and aware of the evidence needed to substantiate his claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. The Veteran was a participant in the claims process, identifying relevant treatment records and providing statements on the severity of his disabilities. Moreover, he testified at a videoconference hearing before the Board in March 2012. Thus, he has been provided with a meaningful opportunity to participate in the claims process and has done so. The Board finds that VA's duty to assist has been met. 

Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all of the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (finding that the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (holding that the law requires only that the Board address its reasons for rejecting evidence favorable to the claimant).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection for certain chronic diseases, including sensorineural hearing loss, will be presumed if they are manifest to a compensable degree within the year after active service. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.307, 3.309. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d); Cosman v. Principi, 3 Vet. App. 503, 505 (1992).

Generally, in order to establish service connection for the claimed disorders, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). In certain circumstances, lay evidence may also be competent to establish a medical diagnosis or medical etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Impaired hearing will be considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Veteran is seeking entitlement to service connection for left ear hearing loss. He contends that this condition stems from acoustic trauma during service. At the March 2012 hearing before the Board the Veteran reported having fired submachine guns, M-16s, grenade launchers, and rocket launchers during service. The Veteran's DD Form 214 reflects that his military occupational specialty was rifleman, and his service personnel records show that he was awarded the Purple Heart Medal. 

The Veteran's service treatment records are negative for any complaints, treatments, or findings of hearing loss. 

The post-service medical evidence includes a private April 2008 audiogram report. The audiogram results are as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
15
15
15
25
30
LEFT
15
10
15
25
20

The speech audiometry word recognition score were 96 percent in the right ear and 100 percent in the left ear; however, it is not clear whether the Maryland CNC word list was used. See 38 C.F.R. § 3.385. The April 2008 private audiogram record provided an impression of high frequency hearing loss, particularly in the right ear.

The Veteran underwent a VA examination in October 2008. The audiogram results from that examination report are as follows:






HERTZ



500
1000
2000
3000
4000
RIGHT
10
10
10
25
40
LEFT
5
5
10
25
25

Speech audiometry testing revealed speech recognition ability of 94 percent in the right ear and of 96 percent in the left ear. The October 2008 examination report reflects that the Veteran complained that he could not hear "too well" out of his right ear. He first noticed this when he came home from Vietnam. After discharge from service, the Veteran was exposed to occupational noise for seven to 10 years at a steel plant. Further, he worked as a detective in the Sheriff's department for 27 years and was exposed to noise during firearms qualifications. He stated that he utilized hearing protection during such post-service occupational noise exposure. The diagnoses were sensorineural hearing loss in the right ear and normal hearing in the left ear.

The Veteran underwent another VA examination in June 2012. The audiogram results from that examination report are as follows:






HERTZ



500
1000
2000
3000
4000
RIGHT
15
20
15
25
40
LEFT
15
20
15
15
20
 
Speech audiometry testing revealed speech recognition ability of 94 percent in the right ear and of 96 percent in the left ear. The examiner stated that the results of the hearing tests were valid. 

The Board finds that the evidence of record clearly demonstrates that the Veteran does not have a current diagnosis of left ear hearing disability for VA purposes. See 38 C.F.R. § 3.385; see also Hickson, 12 Vet. App. at 253; Pond, 12 Vet. App. at 346; McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). In this regard, the audiogram results of record do not reflect that any of the auditory thresholds at any of the tested frequencies for the left ear is 40 decibels or greater. Nor do any of the audiogram results reveal that the auditory thresholds for at least three of the tested frequencies are 26 decibels are greater in the left ear. Moreover, the speech recognition scores using the Maryland CNC Test have never been less than 94 percent for the left ear. 

The Veteran submitted several lay statements in support of his claims. A March 2009 statement from his wife indicates that the Veteran complained of a loud ringing in his ears during a weekend pass he spent at home with her during active service in 1969. An April 2010 buddy statement indicates that the Veteran participated in several operations without the use of ear protection that subjected him to ear damaging noise levels during his period of service. Additional buddy statements from individuals who served with the Veteran attest to the noise the Veteran was exposed to in service without hearing protection, and the likelihood that such noise affected the Veteran's hearing.

The Board finds that the Veteran's statements are competent evidence as to his exposure to noise from submachine guns, M-16s, grenade launchers, and rocket launchers during service. See Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (holding that a lay witness is competent to testify to that which the witness has actually observed and is within the realm of his personal knowledge). Moreover, these statements are consistent with the Veteran's circumstances of his military service. The Veteran's Form DD-214 shows that his military specialty was rifleman and he was awarded the Purple Heart. Furthermore, as the Veteran served in combat, substantial weight is accorded to the Veteran's lay testimony regarding his in-service acoustic trauma and symptoms despite the lack of notion in the official record contemporaneous with the alleged trauma and symptoms therefrom. 38 U.S.C.A. § 1154; see also Smith v. Derwinski, 2 Vet. App. 137(1992). For these reasons, military noise exposure has been established.

The diagnosis of a hearing disability for VA purposes is based on an objective audiometric testing and is not determined based on personal observation by a lay person. 38 C.F.R. § 3.385. While military noise exposure is not disputed in this case, the question of whether the Veteran's left ear hearing impairment meets the criteria for left ear hearing disability for VA purposes does not lie within the range of common experience or common knowledge, but requires special experience or special knowledge in the field of audiology. 

The medical evidence of record does not show a current left ear hearing disability for VA purposes. The audiograms of record do not demonstrate that the Veteran's left ear hearing loss meets the criteria to be a disability for VA purposes. 38 C.F.R. § 3.385. Accordingly, in the absence of competent medical evidence of a hearing disability for VA purposes, the criteria for establishing service connection for left ear hearing loss have not been met. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); 38 C.F.R. § 3.303. Accordingly, service connection for left ear hearing loss is not warranted.

In reaching this decision, the Board considered the doctrine of reasonable doubt. However, as the medical evidence of record does not show a current left ear hearing disability for VA purposes, the doctrine is not for application. 38 U.S.C.A. 5107(b) (2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for left ear hearing loss is denied.



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs