**Robert J. COSMAN, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1009.**

United States Court of Veterans Appeals.

Argued June 16, 1992.

Decided Dec. 1, 1992.

**504**

Rick Surratt, Washington, DC, for appellant.

John D. McNamee, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

Appellant appeals from that portion of an April 5, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied service connection for posttraumatic stress disorder (PTSD). Upon consideration of the pleadings and the record on appeal, we hold that the Board failed to consider and apply 38 C.F.R. § 3.303(d) (1991), failed to apply the standard mandated by 38 U.S.C. § 5107(b) (formerly § 3007(b)), and used its own unsubstantiated medical judgment to deny appellant service connection. The Board's decision is vacated and the case is remanded for further proceedings.

## I.

Appellant served in the United States Army from April 1968 to April 1970. His tour of duty included combat service in Vietnam, where he was subject to a series of psychological stressors. R. at 130. In 1988, while at work, he was knocked down and rendered unconscious by an electrical flash explosion. R. at 61, 66. He subsequently suffered a variety of psychological symptoms and sought treatment. The veteran's therapist, Ms. Elizabeth Rice–Smith, diagnosed appellant as suffering from acute PTSD resulting from the work-site accident. R. at 59–60. Appellant applied for and was denied service connection for his PTSD.

He appealed to the Board and submitted current reports from his therapist which included the following statement: "At 9/88 onset of severe symptoms of intrusive ptsd, it is the opinion of this evaluator that the patient may have shifted from earlier ptsd numbed status as sequelae to Vietnam combat exposure." R. at 96. He then requested and was granted a Department of Veterans Affairs (formerly Veterans' Administration) (VA) psychiatric examination. The VA examination report reads, in pertinent part:

He had significant combat action when he was in Vietnam, ... The three [stres-

sors] that have been particularly troublesome and have led to a longstanding syndrome of post-traumatic stress disorder symptoms were those when he was with a mortar platoon and it was wiped out.... After being discharged from service, the veteran didn't realize how much impact this had made on him, and he was trying to squash some of these symptoms by drinking heavily.... When he was involved in the explosion of an electrical substation in 9/88, this brought back all the old memories, but they were mixed together.

The VA examiners diagnosed appellant as suffering from generalized anxiety disorder. R. at 130.

Appellant subsequently submitted a June 12, 1990, letter from Ms. Rice–Smith's supervisor, Dr. Bessel A. van der Kolk, a psychiatrist, who wrote, in pertinent part:

Robert Cosman has been treated at this clinic since October, 1988 ... for *severe* Post Traumatic Stress Disorder (PTSD)—Acute (DSM III–R 309.89) precipitated by an on-the-job electrical explosion, complicated by a "double barreled" *severe* Post Traumatic Stress Disorder— Delayed Onset as sequelae to Viet Nam exposure to combat and atrocity. The patient self-medicated against post-Viet Nam trauma sequelae [symptoms] using alcohol and became alcoholic, ... the explosion triggered a complicating and severe *delayed onset* of PTSD symptoms which are related directly to Viet Nam memories....

R. at 140 (emphasis in original). Dr. van der Kolk's letter was also signed by Ms. Rice–Smith.

The Board considered the evidence of record and denied appellant's claim for service-connected PTSD. He appealed to this Court.

## II.

■ In support of the Board's decision, the Secretary of Veterans Affairs (Secretary) argues that, since appellant's service medical records do not reveal a diagnosis of PTSD during service, and no clinical records establish continuity of symptomatology attributable to PTSD since service, service connection is unwarranted. Br. of Appellee at 4. The Secretary, like the Board, relies on 38 C.F.R. § 3.303(b) (1991), which provides that service connection will be granted either when the disorder is shown to have been chronic in service, or when appellant can show continuity of symptomatology since service. What both the Board and the Secretary failed to consider is that section (d) of that same regulation provides, in pertinent part:

(d) *Postservice initial diagnosis of disease.* Service connection may be granted for any disease diagnosed after discharge, when *all the evidence*, including that pertinent to service, establishes that the disease was incurred in service.

38 C.F.R. § 3.303(d) (emphasis added).

According to the regulation, then, even though a veteran may not have had a particular condition diagnosed in service, or for many years afterwards, service connection can still be established. This is especially true in cases of PTSD. Paragraph 7.46(g) of the VA's Adjudication Procedure Manual, M21–1 [hereinafter procedure manual] provides:

In PTSD cases, continuity is not a requirement. PTSD may be established as service connected, even if a considerable period of time has elapsed between the stressor and its chronic manifestations.

Paragraph 7.46(f)(4) of the procedure manual states that despite a potentially long latency period between the military stressor and symptoms of the disorder, "service-connected PTSD may be recognizable by a relevant association between the stressor and the current presentation of symptoms."

Accordingly, the Board erred when it did not consider whether the evidence established service connection under the provisions of § 3.303(d). *See, e.g., Akles v. Derwinski*, 1 Vet.App. 118 (1991) (the BVA is not free to ignore its own regulations, even if appellant fails to raise the issue on appeal); *Fugere v. Derwinski*, 1 Vet.App. 103 (1990); *Bentley v. Derwinski*, 1 Vet.App. 28 (1990).

■ The Board also erred by employing its own unsubstantiated medical opinion. In *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), we held that the Board may not substitute its own medical judgment for independent medical evidence. Nevertheless, the Board concluded:

> The alcoholism that reportedly followed the veteran's discharge from military service is not diagnostic of [PTSD], particularly in the absence of a characteristic pattern of coexisting, typical [PTSD] symptoms, such as nightmares and flashbacks of Vietnam experiences.

*Robert J. Cosman,* BVA 91–10970, at 8 (Apr. 5, 1991). Nowhere in the record does a doctor opine that appellant's alcoholism is not diagnostic of PTSD. To the contrary, the private therapist and physician as well as the VA physicians state that appellant suffered symptoms of PTSD after his combat experiences in Vietnam and that his alcoholism stemmed from these. R. at 128, 140. The Board appears, moreover, to have relied, selectively, only on those portions of each doctor's statement which supported its conclusions. The VA physicians diagnosed appellant with generalized anxiety disorder and not PTSD. The Board rejected this diagnosis to conclude that appellant has PTSD. The Board accepted the private physician's opinion that appellant suffers from PTSD, but not his conclusion that appellant's present condition is based on the effects of both his combat experiences and the electric trauma in the workplace. Nowhere does a doctor state the opinion that the electrical explosion alone caused appellant's PTSD; yet the Board comes to that conclusion. On remand, then, the Board must point to independent medical evidence to support its findings, and give adequate reasons or bases for the medical opinions of record it accepts and those it rejects.

■ At oral argument we asked for supplemental memoranda on the question of whether the words "all the evidence" in 38 C.F.R. § 3.303(d) require that there be no negative evidence in the record. The Secretary and appellant responded that the regulation means only that all the evidence be considered and that the equipoise rule of 38 U.S.C. § 5107(b) applies to questions of service connection under section 3.303(d). We find no basis to disagree with this consensus interpretation.

Here, evidence in support of appellant's claim consists of a therapist's and a doctor's opinion that appellant's PTSD relates to service. Contrary evidence consists of a diagnosis of generalized anxiety disorder given by VA psychiatrists. Although the Board need not accept a treating physician's opinion as dispositive, *see Sanden v. Derwinski,* 2 Vet.App. 97 (1992), it must provide reasons or bases for rejecting it. *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Here, the Board provided no reasons or bases for dismissing the private physician's statements. If, on remand, the Board cannot provide good reason for rejecting evidence in appellant's favor, it must address the issue of equipoise. 38 U.S.C. § 5107(b).

The BVA decision notes that appellant offered sworn testimony before the Board that he was receiving workers' compensation benefits for PTSD and for physical injuries sustained in the industrial accident, and that he was involved in an associated lawsuit. *Robert J. Cosman,* BVA 91–10970, at 7 (Apr. 5, 1991). At oral argument the Court ordered the parties to address whether this information is in appellant's case file or is otherwise judicially knowable. In the event that it is, we asked whether appellant may be precluded from taking an inconsistent position before the Secretary as to the cause of his PTSD. On remand, the BVA may wish to consider some or all of these issues to determine what effect, if any, they have on appellant's entitlement to service connection for PTSD.

Accordingly, the Board's decision is VACATED and the case REMANDED for readjudication consistent with this opinion.