Kenneth V. PETERS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–394.

United States Court of Veterans Appeals.

Argued June 1, 1994.

Decided June 29, 1994.

As Amended July 19, 1994.

Theodore D. Peyser, Washington, DC, for appellant.

Carolyn F. Washington, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and David W. Engel, Deputy Asst. Gen. Counsel, Washington, DC, were on the pleadings, for appellee.

Before FARLEY, MANKIN, and HOLDAWAY, Judges.

FARLEY, Judge:

Appellant, World War II veteran Kenneth V. Peters, appeals from a January 6, 1993, Board of Veterans' Appeals (BVA or Board) decision which denied his claim for service connection for defective hearing and tinnitus, concluding that the evidence preponderated against the claim. Appellant, through counsel, filed a brief urging this Court to reverse the decision, or in the alternative, to remand the matter to the Board. Appellant contends that the Board was clearly erroneous in its findings of fact, failed to apply 38 U.S.C. § 1154(b), and failed to apply 38 U.S.C. § 5107(b) which requires that VA claimants be given the benefit of the doubt. The Secretary filed a motion for remand, citing as grounds the Board's failure to apply 38 U.S.C. § 1154(b) and the VA's failure to comply with its statutory duty to assist pursuant to 38 U.S.C. § 5107(a). On consideration of the foregoing, the Court will remand this appeal for adjudication consistent with this opinion.

## I. Factual and Procedural Background

Appellant served on active duty from November 1942 to November 1945. R. at 8. The report of his September 1942 induction physical reflects that the hearing in both of his ears was rated 20/20. R. at 16. As a bombardier serving on aircraft in the European Theater during World War II, his duties included releasing bombs and firing aerial machine guns. R. at 8, 9, 12. His service medical records (SMRs) are negative for any hearing complaints or problems during service. *See* R. at 18–119. The report of a physical examination for flying, dated January 1944, indicates that appellant's hearing was rated 20/20 in both ears on a whispered-voice hearing test. R. at 114. Similarly, the report of his separation physical indicates that another whispered-voice test dated November 1945 revealed that appellant's hearing was rated 15/15 in both ears at discharge. R. at 120.

In September 1991 appellant filed a claim for service connection for hearing loss and tinnitus. R. at 122. The VA regional office

(RO) issued a rating decision dated October 1991 which denied his claim for service connection; the RO relied on the absence of in-service hearing or tinnitus problems as reflected in appellant's SMRs, and on appellant's induction and discharge physicals which reported normal hearing. R. at 127. Appellant filed a Notice of Disagreement in December 1991, a Statement of the Case was issued, and appellant perfected his appeal by filing a VA Form 1–9 which alleged that his hearing loss and tinnitus were caused by his combat flying during service. R. at 132, 135–37, 139.

Thereafter, appellant submitted the report of Dr. Stephen Yeh, who commented on the results of a February 1992 audiogram:

> [Appellant] served as a crew member on a B–26 between 1942 and 1945 during which time he was exposed to loud noises and experienced ringing in his ear. Since then he has not been in any civilian occupation which has exposed him to any noise hazardous situations. He has a hearing loss which causes him not to hear words clearly. An audiogram ... shows a high frequency hearing loss in both ears, the pattern of which is consistent with a noise[-]induced hearing loss. He has significant decrease in speech discrimination and would probably be helped by a hearing aid.

R. at 142; see also R. at 143. Appellant thereafter testified before a VA hearing officer and related, inter alia, that during flights in service he sat in an "aluminum envelope" between a pair of 2000 horsepower motors, that guns were fired overhead, in front, and alongside him, and that he first noticed ringing in his ears during service. R. at 147, 149–50. He further testified that his sister, Diane Peters Varges, first noticed the hearing loss in 1953. R. at 146, 149. Ms. Varges also submitted a letter which related that while she was employed as a medical assistant at Lakeview Medical Center from 1960 through 1966, appellant was treated for ringing in his ears. R. at 154. The hearing officer denied service connection for hearing loss and tinnitus in a March 1992 decision which found that appellant's tinnitus and hearing loss were first noted in the 1960s and

1992, respectively, thus rendering both conditions too remote in time to have been related to service. R. at 158–59. Similarly, the Board denied appellant service connection for hearing loss and tinnitus in January 1993 because the Board concluded that neither problem was incurred in or aggravated by military service. R. at 4.

## II. Applicable Law

▮ The Secretary has a duty to assist a claimant who has submitted a well-grounded claim. See 38 U.S.C. § 5107(a); see also Butts v. Brown, 5 Vet.App. 532, 540–41 (1993) (en banc); Murphy v. Derwinski, 1 Vet.App. 78, 81 (1990); 38 C.F.R. § 3.159 (1993). "The 'duty to assist' is neither optional nor discretionary." Littke v. Derwinski, 1 Vet.App. 90, 92 (1990). This Court has repeatedly held that the duty to assist includes providing a thorough and contemporaneous medical examination, especially where it is necessary to determine the current level of a disability. See, e.g., Schroeder v. Brown, 6 Vet.App. 220, 224–25 (1994); Weggenmann v. Brown, 5 Vet.App. 281, 284 (1993); Swanson v. Brown, 4 Vet.App. 148, 152 (1993); Proscelle v. Derwinski, 2 Vet.App. 629, 632 (1992); Green v. Derwinski, 1 Vet.App. 121, 124 (1991).

▮ Pursuant to 38 U.S.C. § 7104(d)(1), the Board is also required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. See Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990); see also Suttmann v. Brown, 5 Vet.App. 127, 133 (1993); Masors v. Derwinski, 2 Vet.App. 181, 188 (1992). To comply with this requirement, the Board must "account for the evidence which it finds to be persuasive or unpersuasive," and provide reasons or bases for rejecting evidence submitted by or on behalf of the claimant. Gilbert, 1 Vet.App. at 57. Further, the Board may not refute the expert medical conclusions in the record with its own unsubstantiated medical conclusions. Colvin v. Derwinski, 1 Vet.App. 171, 175

(1991); *see also Cosman v. Principi,* 3 Vet. App. 503, 506 (1992); *Budnik v. Derwinski,* 3 Vet.App. 185, 187 (1992); *Tobin v. Derwinski,* 2 Vet.App. 34, 39 (1991).

■ A veteran may establish service connection for a disability not manifested during service, or within the statutory presumption period following service, with evidence that demonstrates that such disability actually resulted from a disease or injury incurred in or aggravated by service. *See* 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a) (1993); *cf. Cosman,* 3 Vet.App. at 505; *Godfrey v. Derwinski,* 2 Vet.App. 352, 356 (1992); 38 C.F.R. § 3.303(d) (1993). Where a claim for service connection is brought by a veteran who engaged in combat, the Board must apply 38 U.S.C. § 1154, which provides that satisfactory lay or other evidence that a disease or an injury was incurred in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, conditions, or hardships of such service, even if there are no official records indicating service incurrence. 38 U.S.C. § 1154; *Swanson,* 4 Vet.App. at 151–52; *Smith v. Derwinski,* 2 Vet.App. 137, 140 (1992); 38 C.F.R. § 3.304(d) (1993). Such evidence may only be rebutted by clear and convincing evidence to the contrary. *See* 38 U.S.C. § 1154(b).

## III. Analysis

■ In the present case, appellant's hearing testimony described the circumstances of his combat service as a bombardier on B–26 aircraft during World War II. His testimony included comment on the high level of noise to which he was exposed from engines and gunfire during flights, and information that he wore no protective ear coverings during service and that he first noticed ringing in his ears during service. This testimony is certainly consistent with the available service records and "consistent with the circumstances, conditions, or hardships of [his] service." 38 U.S.C. § 1154(b). Appellant also submitted the opinion of Dr. Yeh, which clearly indicates appellant currently suffers from hearing loss of the type consistent with having been noise induced. As the Board

correctly found, under these circumstances, appellant submitted a well-grounded claim.

■ The Board relied, however, on the absence of any entry in appellant's SMRs indicating that he had ever been treated during service for complaints associated with hearing difficulties to discount his testimony of service incurrence. Pursuant to 38 U.S.C. § 1154(b), the absence of service medical records alone is an insufficient basis for denying service connection to a combat veteran who has submitted satisfactory lay or other evidence indicating service incurrence of a disease or injury. *See Smith,* 2 Vet.App. at 140. The Board failed to rely on any clear and convincing evidence to the contrary. Therefore, by failing to consider the application of 38 U.S.C. § 1154(b) to appellant's claim and by not providing reasons or bases for rejecting appellant's testimony and Dr. Yeh's diagnosis as to the etiology of his hearing problems, the Board committed error requiring remand. *See id.; Gilbert,* 1 Vet.App. at 57. Additionally, the opinion of Dr. Yeh is a medical conclusion which the Board was not free to ignore or disregard. *See Willis v. Derwinski,* 1 Vet.App. 66, 70 (1991). The Board should have given careful consideration to Dr. Yeh's opinion, which, although it does not definitively establish that noise which occurred in service caused appellant's hearing loss, does establish that appellant's hearing loss is noise induced, consistent with the type of noise to which appellant was exposed during service. Under these circumstances, the Secretary should have conducted a medical examination. *See Swanson,* 4 Vet.App. at 152 (remanding for a medical examination to determine the current level of noise-induced hearing loss and obtain an opinion regarding its relationship to combat service).

## IV. Conclusion

On consideration of the foregoing, appellant's alternative motion for remand and the Secretary's motion for remand are granted. On remand, "[t]he Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski,*

1 Vet.App. 394, 397 (1991). The January 6, 1993, decision of the Board is VACATED and REMANDED for proceedings consistent with this opinion.