Citation Nr: 1706044 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 06-32 700 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

1. Entitlement to service connection for sleep apnea, to include as secondary to a service-connected disability manifested by fatigue, to include as due to an undiagnosed illness. 

2. Entitlement to an effective date prior to May 15, 2014 for the grant of total disability based on individual unemployability (TDIU) due to service-connected disabilities. 


REPRESENTATION

Appellant represented by: Robert Chisholm, Attorney


ATTORNEY FOR THE BOARD

S. Owen, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1973 to February 1976 and from March 1984 to March 1993. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, which denied, in part, service connection for sleep apnea. The matter has since been transferred to the RO in Pittsburgh, Pennsylvania.

The Board remanded the claim for sleep apnea for further development in May 2010, June 2012 and February 2013. In January 2014, the Board denied the claim. The Veteran appealed that decision to the U.S. Court of Appeals for Veterans Claims (Court). In March 2015, the Court vacated the Board's decision and remanded the matter back to the Board for further adjudication consistent with the holding of its memorandum decision. In December 2015, the Board remanded the claim to the RO for further development. 

In a December 2015 rating decision, the RO granted total disability based on individual unemployability (TDIU) due to service-connected disabilities as of May 15, 2014. As discussed further below, this issue is remanded to the RO via the Appeals Management Center (AMC), in Washington, D.C., pursuant to Manlincon v. West, 12 Vet. App. 238 (1998).

In a November 2016 rating decision, the RO granted service connection for memory loss, evaluated at 10 percent disabling. The Veteran submitted a timely notice of disagreement (NOD) in February 2017. As the NOD is recent, the Board will not remand the issue back at this time, so as to give the RO additional time to take action on the claim for memory loss. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Sleep apnea

The Board sincerely regrets further delay from the additional remand of this claim, but it is necessary to ensure there is a complete record and so that the Veteran is afforded every possible consideration.

The Board notes that the Veteran's service treat records reflect that he received treatment for an upper respiratory infection (URI) in March 1986, April 1986, and April 1988; for bronchitis in November 1986; for a viral syndrome in February 1987 and October 1987; and for pneumonitis in May 1988 and June 1988. On separation examination in November 1992, the Veteran reported ear, nose, and throat trouble, but his respiratory system was found to be within normal limits.

The Veteran was afforded a VA examination in March 2016. The VA examiner found that the Veteran's sleep apnea is less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran's in-service respiratory infections, viral syndrome and/or pneumonitis, as those conditions are not established causes or risk factors for the development of sleep apnea. The examiner cited to medical literature which listed the important risk factors for obstructive sleep apnea (OSA) as advancing age, male gender, obesity, and craniofacial or upper airway soft tissue abnormalities. Additional risk factors identified in some studies include smoking, nasal congestion, menopause, and family history. Rates of OSA are also increased in association with certain medical conditions, such as pregnancy, end-stage renal disease, congestive heart failure, chronic lung disease, and stroke. 

The examiner also found that the Veteran's sleep apnea is less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran's service-connected chronic fatigue. The examiner cited to medical literature that studies have shown that primary sleep disorders such as sleep apnea are a comorbid condition that occur at a similar frequency in chronic fatigue syndrome to the general population and are therefore not reflective of the disorder itself. The examiner further opined that although sleep apnea can cause symptoms of fatigue and chronic fatigue syndrome can cause sleep disturbance, there is insufficient evidence that sleep apnea is caused by chronic fatigue syndrome. 

As to whether the Veteran's sleep apnea is aggravated by the Veteran's service-connected chronic fatigue, the examiner found that it is less likely than not that the Veteran's current sleep apnea is aggravated by his service-connected fatigue. The examiner noted that he had reviewed the medical evidence, some of which was conflicting, but concluded that symptoms of chronic fatigue syndrome are clearly distinct from those of primary sleep disorders such as sleep apnea, and chronic fatigue is more than simply a somatic expression of an underlying sleep disorder or sleepiness. The examiner further opined that it is possible that the Veteran's sleep apnea may be contributing to his fatigue symptoms. 

The Board finds that the examiner's opinion is inadequate, as the examiner did not give an opinion as to whether it is at least as likely as not that the Veteran's sleep apnea arose during military service. 

The Board notes that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d) (2016); see Cosman v. Principi, 3 Vet. App. 503, 505 (1992). 

The Board further notes that the Veteran's primary care physician, Dr. W.C.D, began treating the Veteran in 1993 and diagnosed the Veteran with sleep apnea in 1997. See January 2012 private treatment records. Dr. W.C.D. opined that since a patient may be unaware of his or her snoring, it can take as much as 10 years before a patient seeks treatment and is diagnosed with sleep apnea. See April 2013 private treatment records. The Veteran submitted evidence that he sought treatment for sleep apnea only three years after discharge. See April 2013 correspondence.

Therefore, the Board remands the case, so that an addendum VA opinion can be obtained as to whether it is at least as likely as not that the Veteran's sleep apnea was incurred in service regardless of the fact that the Veteran was not diagnosed with sleep apnea in service. 

TDIU

In December 2015, the RO granted the Veteran's claim for total disability based on individual unemployability (TDIU) due to service-connected disabilities, effective from May 15, 2014. The Veteran submitted a timely notice of disagreement (NOD) in June 2016, in which he contends that an earlier effective date is warranted. The RO acknowledged the Veteran's NOD in a June 2016 letter to the Veteran. See June 2016 Decision Review Officer Process Explanation Letter. However, the RO has yet to issue a Statement of the Case (SOC) regarding this claim. 

Given the circumstances, the AOJ should provide the Veteran with an SOC regarding his claim for an earlier effective date for TDIU. 

Accordingly, the case is REMANDED for the following actions:

1. Return the Veteran's claim file to the March 2016 VA examiner. If the examiner is unavailable, the claims file must be provided to an examiner who is qualified to give an opinion on the Veteran's sleep apnea, so that a new opinion may be provided. A new examination is only required if deemed necessary by the examiner. The record and a copy of this remand must be made available to the examiner for review and the examiner must specifically acknowledge receipt and review of these materials in any reports generated. 

If a new examination is conducted, the examiner must take a detailed history from the Veteran. If there is any clinical or medical basis for corroborating or discounting the reliability of the history provided by the Veteran, the examiner must so state, with complete explanation in support of such a finding. 

The examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's sleep apnea was incurred in service regardless of the fact that the Veteran was not diagnosed with sleep apnea in service.

Although the examiner must review the file, his or her attention is specifically drawn to the following:

(a) The Veteran served on active duty from February 1973 to February 1976 and from March 1984 to March 1993.

(b) Service treatment records reflect that the Veteran was treated in multiple instances for upper respiratory infections, bronchitis, viral syndromes, and pneumonitis. 

(c) The statement of the Veteran's wife that the Veteran began seeking treatment for sleep apnea three years after service.

(d) The Veteran was diagnosed with sleep apnea in 1997. 

(e) The opinion of the Veteran's private physician (Dr. W.C.D.) is that a patient can suffer from sleep apnea up to ten years prior to seeking treatment.

The examiner should provide a detailed rationale for the opinion. If the above requested opinion cannot be made without resort to speculation, the examiner must state this and specifically explain whether there is any potentially available information that, if obtained, would allow for a non-speculative opinion to be provided.

2. Provide the Veteran with an SOC regarding his claim for an earlier effective date for TDIU. Inform the Veteran of what is required to perfect the appeal. If the Veteran then perfects an appeal, return this issue to the Board.

3. After completing the above, and any other development as may be indicated, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).