﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190906-30818
DATE: April 30, 2020

ORDER

Entitlement to service connection for tinnitus is denied.

FINDING OF FACT

The preponderance of the evidence is against a finding that tinnitus is etiologically related to service or any disease, injury, or event in service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1969 to December 1970.

Service Connection

Service connection may be established for disability caused by disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. In order to establish service connection for a claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence, generally medical, of a causal relationship between the claimed in service disease or injury and the current disability. Hickson v. West, 12 Vet. App. 247 (1999). 

Service connection may also be established for any disease initially diagnosed after service, when the evidence establishes that the disease was incurred in service. 38 U.S.C. § 1113(b); 38 C.F.R. § 3.303(d); Cosman v. Principi, 3 Vet. App. 503 (1992). The disease entity for which service connection is sought must be chronic rather than acute and transitory in nature. For the showing of chronic disease in service, a combination of manifestations must exist sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word chronic. Furthermore, service incurrence will be presumed for certain chronic diseases if manifest to a compensable degree within the year after active service. 38 U.S.C. § 1112; 38 C.F.R. §§ 3.307, 3.309.

A disability that is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is established for a secondary disability, the secondary disability shall be considered a part of the original disability. 38 C.F.R. § 3.310(a). Secondary service connection may also be established for a non-service-connected disability, which is aggravated by a service-connected disability. In that instance, the Veteran is compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. 38 C.F.R. § 3.310(b); Allen v. Brown, 7 Vet. App. 439 (1995).

A Veteran need only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the Veteran. To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996); Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Entitlement to service connection for tinnitus

The Veteran contends that tinnitus is due to or the result of active service. 

The Board finds that, while the Veteran has a diagnosis of tinnitus, the preponderance of the evidence is against finding that it began during active service, or is otherwise related to service or any injury, event, or disease in service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a)(d). 

The service medical records contain no complaint, treatment, or diagnosis of tinnitus during service. The post-service treatment records contain no complaints or treatment for tinnitus until a December 2018 VA examination shows that the Veteran complained of tinnitus with an onset of 2015, nearly 45 years after separation from service. During a July 2011 VA audiology examination, the Veteran denied any complaints of tinnitus. 

During the December 2018 VA audiology examination, the Veteran reported recurrent tinnitus with an onset of 2015. Due to the absence of documentation of tinnitus in service and the first complaint of tinnitus many years after separation from service, the VA examiner opined that tinnitus was less likely than not due to service. The examiner stated that the nonservice-connected hearing loss condition was most likely the cause of any current tinnitus complaints.

As the Veteran first reported the onset of tinnitus many years after service, the Board finds that the preponderance of the evidence is against a finding that the Veteran experienced chronic tinnitus symptoms in service, continuous tinnitus symptoms since separation from service, or tinnitus symptoms manifested to a compensable degree within one year after separation from service. 

The Board finds that the December 2018 VA examiner's opinion is adequate for evaluation purposes and highly probative. Specifically, the examiner reviewed the claims file and interviewed the Veteran. There is no indication that the examiner was not fully aware of the Veteran's past medical history and in-service noise exposure or misstated any relevant fact. The examiner acknowledged the Veteran’s military occupational specialty was highly probable for in-service noise exposure and provided adequate rationale in support of the opinion. The opinion is internally consistent and consistent with other evidence of record. Moreover, the VA examiner had the requisite medical expertise to render a medical opinion regarding the etiology of the tinnitus and had sufficient facts and data on which to base the conclusions. Therefore, the Board assigns the VA examination report great probative weight and finds that it is the most persuasive evidence of record.

The Veteran is competent to report observable symptoms such as tinnitus. Layno v. Brown, 6 Vet. App. 465 (1994). However, the Board affords finds the evidence which includes the December 2018 VA examiner’s opinion, to be significantly more probative than the Veteran's lay assertions.

Accordingly, the Board finds that the preponderance of the evidence is against the claim of entitlement to service connection for tinnitus and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.