Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210706-171113
DATE: July 30, 2021

ORDER

Entitlement to service connection for kidney cancer, to include as due to chemical exposure is granted.

FINDINGS OF FACT

1. A February 2021 rating decision denied service connection for kidney cancer and the Veteran timely submitted additional evidence and a notice of disagreement; the February 2021 rating decision is not final.

2. The Veteran served in the Republic of Vietnam during the Vietnam era, and is presumed to have been exposed to herbicide agents.

3. Resolving the benefit of the doubt in favor of the Veteran, residuals of left renal cancer, status post left nephrectomy, is causally related to the Veteran's exposure to herbicides.

CONCLUSION OF LAW

The criteria for service connection for residuals of left renal cancer, status post left nephrectomy with renal insufficiency of the right kidney, are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from July 1967 to June 1992, to include service in the Republic of Vietnam. He is the recipient of numerous medals, to include the Republic of Vietnam Gallantry Cross with Palm Leaf medal, the Republic of Vietnam Gallantry Cross with Bronze Star medal.

By way of procedural history, the Veteran's claim for service connection for kidney cancer was denied in a February 2021 rating decision. In April 2021, the Veteran submitted a Decision Review Request: Supplemental Claim and a research article which suggests a connection between jet radar and cancer. Additionally, VA treatment records were added to the file. In June 2021, the Veteran's claim for kidney cancer was denied as new and relevant evidence was not submitted. In June 2021, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal, and elected the Direct review lane. 

The February 2021 rating decision that denied reopening the Veteran's service connection claim for kidney disease was not final at the time of the June 2021 rating decision because a year had not lapsed before readjudication of this issue. The April 2021 supplemental claim with additional evidence ultimately preserved the date of the claim, October 28, 2020. 38 U.S.C. § 5110(2)(B); 38 C.F.R. § 3.2500(h). Therefore, the Board will adjudicate the issue of entitlement to service connection for kidney cancer on the merits.

In the June 2021 rating decision, the AOJ noted that the Veteran had Vietnam service and was exposed to herbicides. The AOJ also found that the Veteran has a diagnosis of kidney disease and has sufficient service to meet the requirements for presumptive service connection and that kidney cancer became manifest to a degree of 10 percent or more following service. The Board is bound by these favorable findings. 38 C.F.R. § 3.104 (c).

Service connection for kidney cancer, to include as due to chemical exposure

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C. § 1113(b); 38 C.F.R. § 3.303(d); Cosman v. Principi, 3 Vet. App. 503, 505 (1992).

Generally, in order to establish service connection for the claimed disorders, there must be (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Service connection may be presumed for certain chronic diseases which develop to a compensable degree within one year after discharge from service, even though there is no evidence of such disease during the period of service. That presumption is rebuttable by probative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a).

Service connection may also be established on a secondary basis if the evidence demonstrates the claimed disability is proximately due to or aggravated beyond its natural progression by a service-connected disease or injury. 38 C.F.R. § 3.310(a), (b). In order to prevail under a theory of secondary service connection, there must be: (1) evidence of a current disorder; (2) evidence of a service-connected disability; and, (3) medical nexus evidence establishing a connection between the service-connected disability and the current disorder. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

The veteran contends that his kidney cancer is related to service, to include his exposure to herbicides. After a review of the record, the Board finds that the criteria for service connection for kidney cancer has been met. 

Private medical treatment records reflect ongoing treatment for kidney cancer. In December 2020, the Veteran's private treating physician submitted a statement indicating that the Veteran's exposure to herbicides may be related to his kidney cancer. He based this opinion on literature and his professional experience. The literature included in the evidence is an article entitled "Agent Orange Linked to Renal Cancer" from The American Urological Association(AUA) dated May 15, 2010; an article entitled "Agent Orange found linked to kidney cancer" from the MJH Life Sciences and Urology Times dated May 16, 2011; and an article entitled "Agent Orange Linked to Renal Cancer" from Hill & Ponton, P.A. dated February 6, 2015. 

A May 2021 VA examination reflected a diagnosis of kidney cancer in remission and noted a partial nephrectomy in September 2019. The examiner did not provide a nexus opinion. 

The only opinion of record is that of the December 2020 private physician, which is not contradicted. As the only probative opinion of record, the Board finds that service connection for kidney cancer is warranted and the claim is granted. 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Hemphill

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.